IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH BROADWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-CV-628-WKW |
| ) | (WO–Do Not Publish) |
| STATE FARM MUTUAL ) | |
| AUTOMOBILE INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is Plaintiff Joseph Broadway's motion for leave to amend his complaint. (Doc. # 37.) Defendant State Farm Mutual Automobile Insurance Company opposes the motion. (Doc. # 39.) For the reasons that follow, the motion is due to be denied.

**I. STANDARD OF REVIEW**

Mr. Broadway's motion to amend is governed by Rule 15(a)(2), which requires that a party wishing to amend his pleadings before trial seek the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). Though "[t]he court should freely give leave when justice so requires," *id*., the court may deny a motion to amend on numerous grounds, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  An amendment is futile when a claim as proposed would be subject to dismissal.  *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).  To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

## II.  BACKGROUND

Mr. Broadway filed suit against State Farm and insurance agent Shane Anderson in July of 2013, in Alabama state court.  In his complaint, Mr. Broadway alleged that State Farm failed to pay him Underinsured Motorist ("UIM") benefits in accordance with his insurance policy. Mr. Broadway also contended that State Farm and Mr. Anderson fraudulently misrepresented material facts to induce him to purchase the insurance policy at issue.

The precipitating event for Mr. Broadway's lawsuit occurred in 2012.  While driving in Montgomery, Alabama, Mr. Broadway's vehicle was struck by a negligent motorist, causing him numerous and severe injuries.  The driver at fault

was only insured for $25,000 – the minimal amount required under Alabama law. In turn, Mr. Broadway filed a UIM claim under his insurance policy. Despite having a UIM policy limit of $25,000, State Farm assessed Mr. Broadway's claim at $5,000. Based on State Farm's failure to pay the full $25,000 allowed under his policy limit for UIM benefits, Mr. Broadway filed this lawsuit for breach of contract and bad faith (Count I and Count II) against State Farm. Mr. Broadway also alleged a claim of fraud against State Farm and Mr. Anderson (Count III).

On August 30, 2013, State Farm and Mr. Anderson removed the case, arguing that diversity jurisdiction was appropriate because Mr. Broadway fraudulently joined Mr. Anderson. In addition to their notice of removal, both Defendants also filed motions to dismiss. Mr. Broadway responded with a motion to remand the case back to the Circuit Court of Montgomery County.

On March 19, 2014, the court addressed the above motions. In the resulting Memorandum Opinion and Order (Doc. # 16), the court first turned to the Defendants' fraudulent joinder argument and considered whether there was a reasonable possibility that Mr. Broadway could prove a cause of action against Mr. Anderson, the only non-diverse Defendant. Specifically, the court asked whether it was reasonably possible that an Alabama state court would recognize Mr. Broadway's fraud claim.

Mr. Broadway based his fraud claim on State Farm's advertising slogan.  He alleged that State Farm's slogan, "Like a good neighbor, State Farm is there," induced him to purchase his State Farm insurance policy and that, in actuality, Mr. Anderson and State Farm treated him unneighborly, or poorly, with respect to his UIM claim.  After applying Mr. Broadway's allegation of fraud to Alabama state law,[1] the court concluded that Mr. Broadway could "prove no set of facts in support of his claim that State Farm's 'Good Neighbor' slogan is anything other than mere opinion or puffery, and, hence, not a statement of material fact."  (Doc. # 16, at 10.)  Because the court concluded that Mr. Broadway could not reasonably maintain a claim of fraud against Mr. Anderson (or State Farm), it found that Mr. Anderson had been fraudulently joined and that there was diversity jurisdiction.  It then denied Mr. Broadway's motion to remand and dismissed Count III of Mr. Broadway's complaint.

Following the March 19, 2014 Memorandum Opinion and Order, Mr. Broadway moved for leave to file his first amended complaint. (Doc. # 37.)  In his proposed amended complaint, Mr. Broadway sought to incorporate Counts I and II of his original complaint unaltered and add three new counts.  In proposed Count III, Mr. Broadway alleged an amended claim of fraud against State Farm and Mr.

---

[1] To state a claim of fraud under Alabama law, a plaintiff must plead (1) a misrepresentation of a material fact; (2) made willfully to deceive, recklessly, without knowledge, or mistakenly; (3) that was reasonably relied on by the plaintiff under the circumstances; and (4) that caused damage as a proximate consequence.  *Allstate Ins. Co. v. Eskridge*, 823 So. 2d 1254, 1259 (Ala. 2001).

Anderson, contending that both Defendants falsely misrepresented to Mr. Broadway and other customers that it "treats and would treat its automobile insurance customers as a 'Good Neighbor' thereby overtly and expressly representing that it fairly and reasonably treats its customers with respect to their insurance claims." (Doc. # 37-2.) In proposed Counts IV and V, Mr. Broadway sought to add two new claims solely against Mr. Anderson, one for fraudulent suppression and one for negligent procurement of insurance.

State Farm filed its opposition to Mr. Broadway's motion to amend on September 12, 2014. (Doc. # 39.) Following a review of the record, the court agreed with State Farm's arguments in favor of disallowing Mr. Broadway's proposed Count III, finding it barred by the March 19, 2014 Memorandum Opinion and Order in which Mr. Broadway's claim of fraud against both Defendants was dismissed with prejudice. As to proposed Counts IV and V, however, Mr. Broadway was ordered to reply to State Farm's arguments in opposition. Mr. Broadway addressed State Farm's contentions at length on November 7, 2014, and the court has reviewed both parties' arguments.

### III. DISCUSSION

State Farm contends that Mr. Broadway's motion for leave to amend should be denied because the amendment is futile and made in bad faith. State Farm criticizes the proposed amended complaint as an "attempt to circumvent" the

5

court's earlier dismissal of Mr. Broadway's fraud claim and denial of Mr. Broadway's motion to remand. Further, State Farm alleges that Mr. Broadway's sole purpose in seeking to add the two new causes of action against Mr. Anderson, the former non-diverse Defendant, is to destroy diversity jurisdiction. (Doc. # 39 at 2-3.) Since the proposed Counts IV and V each suffer because of futility, the court need not address State Farm's allegations of bad faith.

### A.     Proposed Count IV: Fraudulent Suppression

In proposed Count IV, Mr. Broadway alleges that Mr. Anderson fraudulently suppressed material facts – which he was under a legal duty to disclose – in an effort to sell Mr. Broadway car insurance. Specifically, Mr. Broadway asserts that Mr. Anderson fraudulently suppressed: (1) that State Farm "by pattern and practice and in bad faith denies and/or lowballs" their clients' UIM claims; (2) that State Farm, by pattern and practice, "commits the tort of bad faith in regards to the handling and adjustment" of UIM claims "without any legitimate and/or arguable basis for doing so;" (3) that State Farm "by pattern and practice, commits acts of bad faith" against its clients by "intentionally and/or recklessly" failing to properly investigate and assess UIM claims and ultimately lowballing and/or denying UIM claims; and (4) that State Farm "negligently and/or recklessly fails to properly train and/or supervise its employees with respect to the handling and adjustment" of UIM claims. Mr. Broadway notes that the above instances of fraudulent

suppression all occurred at Mr. Anderson's Montgomery, Alabama State Farm office between April 2011 and final 2012 insurance renewal period.

Fraudulent suppression is a statutory tort under Alabama law. Ala. Code § 6-5-102 (1975). Section 6-5-102 provides that, "[s]uppression of a material fact which the party is under an obligation to communicate constitutes fraud." *Id*. To sustain a claim of fraudulent suppression, Alabama courts require a plaintiff to allege facts showing "(1) that the defendant had a duty to disclose material facts; (2) that the defendant concealed or failed to disclose those facts: (3) that the concealment or failure to disclose induced the plaintiff to act; and (4) that the defendant's action resulted in harm to the plaintiff." *Bethel v. Thorn*, 757 So. 2d 1154, 1162 (Ala. 1999) (quoting *Booker v. United Am. Ins. Co.*, 700 So. 2d 1333, 1339 n.10 (Ala. 1998)).

The Federal Rules of Civil Procedure provide for a heightened pleading standard in cases of fraud and mistake. Fed. R. Civ. P. (9)(b). Rule 9(b) provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. *Id*. "The particularity rule serves an important purpose in fraud actions by alerting the defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *United States ex. rel. Clausen v Lab. Corp. of Am.*, 290 F. 3d 1301, 1308 (11th Cir. 2002). Under Rule

7

9(b), the plaintiff must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shiel of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997). Further, Rule 9(b) indicate's that the pleadings must also, at least generally, allege "[m]alice, intent, knowledge, and other conditions of a person's mind. Fed. R. Civ. P. 9(b).

Mr. Broadway's proposed count of fraudulent suppression suffers from two fatal flaws. First, he fails to allege, even generally, that Mr. Anderson had any knowledge of the information he allegedly failed to disclose. It goes without saying that "a party must have knowledge of a fact in order to be liable for its suppression." *McGowan v. Chrysler Corp.*, 631 So. 2d 842, 847 (Ala. 1993). Here, Mr. Broadway failed to plead any allegations concerning Anderson's knowledge of the information allegedly suppressed.

Second, Mr. Broadway's failure to plead knowledge highlights that the information allegedly suppressed is not factual in nature. Rather, Mr. Broadway is attempting to hold Mr. Anderson accountable for not disclosing conclusory allegations of unsavory business practices on the part of State Farm. The most basic element of a fraudulent suppression claim is the existence of an undisclosed

material *fact*, and this court is not inclined to look the other way as Mr. Broadway attempts to characterize conclusory legal claims as facts.  Because Mr. Broadway has failed to plead sufficiently the nondisclosure of factual matters or even generally plead Mr. Anderson's knowledge as to the undisclosed allegations, Mr. Broadway has not stated a plausible claim for relief.

**B.**     **Proposed Count V: Negligent Procurement of Insurance**

In his proposed Count V, Mr. Broadway contends that Mr. Anderson "negligently and/or wantonly procured" car insurance for Mr. Broadway.  (Doc. # 37-2, ¶ 31.) In doing so, Mr. Broadway alleges that Mr. Anderson breached his duty to "properly and adequately procure" car insurance for Mr. Broadway.  (Doc. # 37-2, ¶ 31.)  Mr. Broadway specifically contends that Mr. Anderson breached his duty by fraudulently suppressing material facts, failing to recommend and advise Mr. Broadway that he should obtain more substantial UIM coverage, and otherwise failing to adhere to the applicable standard of care.

"Like any other negligence claim, a claim in tort alleging negligent failure of an insurance agent to fulfill a voluntary undertaking to procure insurance, . . . requires demonstration of the classic elements of negligence, *i.e.,* '(1) duty, (2) breach of duty, (3) proximate cause, and (4) injury.'"  *Kanellis v. Pac. Indem. Co.*, 917 So. 2d 149, 155 (Ala. Civ. App. 2005) (quoting *Albert v. Hsu*, 602 So. 2d 895, 897 (Ala. 1992)).  Applying the elements of negligence to the procurement of

insurance, Alabama courts have stated that once an insurance agent, "with a view toward compensation, undertakes to procure insurance for a client," the agent owes a duty to the client to "exercise reasonable skill, care and diligence in effecting" the coverage agreed upon. *Highlands Underwriters Ins. Co. v. Elegante Inns, Inc.*, 361 So. 2d 1060, 1065 (Ala. 1978).

Here, it is important to note that Mr. Broadway is not asserting that Mr. Anderson failed to procure his insurance. In fact, the complaint makes clear that both parties operated under the insurance agreement for more than a year. Rather, Mr. Broadway is attempting to allege that Mr. Anderson procured his insurance in a negligent manner by fraudulently suppressing information[2] and failing to "recommend or advise Plaintiff Broadway to obtain higher and/or substantial higher coverage and/or limits of coverage and/or available coverage" for UIM benefits. (Doc. # 37-2.)

Although not cited by Mr. Broadway, the court is aware of one Alabama case in which a court extended the negligent procurement of insurance theory to incorporate an incident where an agent failed to procure "complete and adequate" coverage, the plaintiff in that case alleged that he had told the agent several times that he needed "adequate coverage." *Crump v. Greer Bros., Inc.*, 336 So. 2d 1091, 1093-94 (Ala. 1976). In the present case, however, Mr. Broadway at no time

---

[2] Because the court has already addressed the insufficiency of Broadway's claim of fraudulent suppression, it will not reassess the allegations.

alleges that Mr. Anderson failed to procure him the insurance policy he requested or agreed to. Further, should Mr. Broadway have attempted to allege that Mr. Anderson failed to procure him the insurance coverage he requested, Mr. Broadway operated under the policy for at least one year and, as a result, likely would be subject to Alabama's complete bar for contributory negligence in failing to read and discover that the insurance coverage Mr. Anderson procured did not equal the coverage to which he and State Farm previously agreed. *See Kanellis*, 917 So. 2d at 154 (finding the plaintiffs' claim for negligent procurement of insurance barred as a matter of law when the plaintiffs failed to read and discover that the policy did not provide coverage for consequential diminution when they requested "full coverage").

Because Mr. Broadway has failed to allege that Mr. Anderson did not procure him the insurance he requested despite agreeing to do so, the court finds that Mr. Broadway has not pleaded a claim for negligent procurement of insurance that could withstand a motion to dismiss. Accordingly, Mr. Broadway's proposed Count V is also futile. Based on the findings of futility, Mr. Broadway's motion for leave to amend is due to be denied.

## IV. CONCLUSION

In accordance with the foregoing analysis, it is ORDERED that Plaintiff's motion for leave to file first amended complaint (Doc. # 37) is DENIED.

DONE this 18th day of December, 2014.

                                          /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE