IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH BROADWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-628-WKW |
| | ) | [WO] |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Joseph Broadway's Motion for Leave to File First Amended Complaint. (Doc. # 78.) Defendant State Farm Mutual Automobile Insurance Company ("State Farm") opposes the motion. (Doc. # 80.) For the reasons that follow, the motion is due to be denied.

**I. STANDARD OF REVIEW**

Mr. Broadway's motion to amend is governed by Federal Rule of Civil Procedure 15(a)(2), which requires that a party wishing to amend his pleadings before trial obtain the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires," *id.*, the court may deny a motion to amend on numerous grounds, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

An amendment is futile when a claim as proposed would be subject to dismissal. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

## II.  DISCUSSION

Mr. Broadway seeks to amend his complaint to add an additional count of bad faith against State Farm.  Mr. Broadway's operative complaint already includes one claim for bad-faith breach of contract.  He seeks leave, however, to add a second bad-faith breach-of-contract claim to assert that State Farm's actions throughout the present litigation amount to bad faith.  Namely, he calls into question State Farm's objections to Mr. Broadway's discovery requests, its decision to "rais[e] a groundless and baseless defense" in its untimely answer, and its repeated motions to dismiss. (Doc. # 78, at 1.)

State Farm challenges Mr. Broadway's newly proposed Count III as futile, and this court agrees for three reasons.  First, Mr. Broadway's proposed claim is

duplicative, as he has already alleged a claim of bad-faith breach of contract. Second, this court is not aware, and Mr. Broadway has failed to offer any case law, that Alabama law recognizes a bad-faith cause of action founded solely upon a party's defense in the underlying litigation. Third, independent research evidences that Mr. Broadway's arguments are better suited for consideration as part of his initial and presently pending bad faith claim. *See Nat's Ins. Ass'n v. Sockwell*, 829 So. 2d 111, 137 (Ala. 2002) (approving a punitive damages award on a bad-faith claim which was based in part on the trial court's consideration of the insurer's decision to file an answer "denying any obligation to pay [the insured] underinsured motorist benefits," despite knowing that the claim should have been paid). Accordingly, Mr. Broadway's motion is due to be denied.[1]

### III.  CONCLUSION

In accordance with the foregoing analysis, it is ORDERED that Mr. Broadway's Motion for Leave to File First Amended Complaint (Doc. # 78) is DENIED.

DONE this 28th day of May, 2015.

                                          /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Mr. Broadway also has sought leave to amend his complaint to make explicit that his currently pending claims for breach of contract and bad faith incorporate State Farm's "continuous and ongoing" wrongdoing. His operative complaint, however, already sufficiently alleges ongoing and continuous breaches and bad faith on the part of State Farm. Accordingly, the additional language is not necessary.