## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JOSEPH J. BROADWAY,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:13-CV-00628-WKW-SRW** |
| | ) | |
| **STATE FARM MUTUAL** | ) | |
| **AUTOMOBILE INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY'S RESPONSE TO PLAINTIFF'S RENEWED MOTION
TO COMPEL DISCOVERY FROM STATE FARM: PLAINTIFF'S
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS, AND
DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE
<u>COMPANY'S MOTION FOR PROTECTIVE ORDER</u>**

COMES NOW Defendant **State Farm Mutual Automobile Insurance
Company** ("State Farm") and hereby submits the following response in
opposition to Plaintiff's Renewed Motion to Compel Discovery (Doc. #90) and
seeks a protective order preventing Plaintiff from continuing to propound
unreasonable and burdensome requests upon State Farm, particularly Request
Nos. 2, 4, 6, 10, and 12 of Plaintiff's Second Set of Requests for Production of
Documents. In the alternative, State Farm requests this Honorable Court to hold
in abeyance Plaintiff's motion concerning discovery allegedly relating to

premature extra-contractual claims until after the Court rules on State Farm's pending Motion for Summary Judgment such to determine if the Court has subject matter jurisdiction to entertain Plaintiff's claims. In support thereof, State Farm states as follows:

## **Introduction**

Underinsured motorist ("UIM") coverage in Alabama is unique, because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party. Unlike many first-party insurance contracts, in which the policy alone dictates coverage, UIM insurance utilizes tort law to determine coverage. Consequently, the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined. Therefore, the UIM insurer is under no contractual duty to pay benefits until the insured establishes the liability and underinsured status of the other motorist. Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay. See *In re United Fire Lloyds*, 327 S.W.3d 250 (Court of Appeals of Texas 2010).

Consequently, the Supreme Court of Alabama has recognized for the past thirty years, "[t]here can be no breach of an uninsured motorist contract, and therefore no bad faith, until the insured proves that he is legally entitled to recover." *LeFevre v. Westberry*, 590 So. 2d 154, 158 (Ala. 1991) (quoting

*Quick v. State Farm,* 429 So.2d 1033, 135 (Ala. 1983) (emphasis added); see also *Bowers v. State Farm Mut. Auto Ins. Co.*, 460 So. 2d 1288, 1290 (Ala. 1984).

To be "legally entitled to recover" the insured must establish 1) fault on the part of the uninsured motorist, which gives rise to damages, **and** 2) must then prove the extent of those damages. *LeFevre*, 590 So. 2d at 157. "**[W]ithout a determination of whether liability exists on the part of the uninsured motorist and the extent of plaintiff's damages, a claim of bad faith failure to pay or breach of contract is premature**." *Pontius v. State Farm Mut. Auto. Ins. Co.*, 915 So. 2d 557, 564 (Ala. 2005)(emphasis added); *see also Ex parte Safeway Ins. Co. of Ala*., 990 So. 2d 344, 351 (Ala. 2008) (quoting *Pontius* with approval) and *Thephithack v. Allstate Prop. & Cas. Ins. Co*., No. CIV.A. 12-00398-KD-M, 2013 WL 1679349 (S.D. Ala. Apr. 17, 2013).

Consistent with Alabama case law and the Alabama Uninsured Motorist Act, the specific automobile policy in the case at hand (hereinafter "Policy"), provides that in order for the Plaintiff to recover UIM benefits, he must establish 1) that he is legally entitled to receive damages from the owner/driver of the underinsured motor vehicle, and 2) that the amount of his damages exceeds the limits of liability coverage under all bodily injury liability bonds and insurance available to the insured after the accident, including but not

limited to the alleged tortfeasor's liability insurance. *See* Policy No. 187-0013-D14-01, p. 13; Doc. #1-2.

However, <u>Plaintiff has not yet established the extent of his damages against the alleged tortfeasor</u>; hence, <u>Plaintiff has not proven that he is legally entitled to recover UIM benefits under the Policy</u>. In fact, he has not even pled a pure UIM cause of action yet so that damages can be determined. Given that Plaintiff has not yet established that he is legally entitled to recover UIM benefits and thereby the insurer has no contractual obligation to pay said benefits, the Alabama courts have reasoned that the court does not have jurisdiction to entertain premature extra-contractual claims for breach of contract and/or bad faith. Given that Plaintiff has not yet determined that he is entitled to UIM benefits under the terms of his own Policy, the extra-contractual claims he has asserted are not ripe for adjudication, and the Court lacks jurisdiction over said claims, discovery pertaining to said premature extra-contractual claims most certainly is not warranted and Plaintiff should be prohibited from seeking same. To require the insurer to engage in unwarranted discovery is grossly prejudicial.

Moreover, even if Plaintiff had met the prerequisites to asserting extra-contractual causes of action as they relating to UIM claims prior to filing this lawsuit, which he did not, overly broad, burdensome discovery requests

pertaining to insurance claims submitted by other policyholders or claimants to State Farm is completely irrelevant and not likely to lead to the discovery of admissible evidence to establish how much Plaintiff was legally entitled to recover from the other motorist involved in the subject automobile accident.

Despite the foregoing, Plaintiff has propounded five sets of requests for production of documents on State Farm over the past year in addition to interrogatories. Plaintiff has sought *voluminous* requests on a national scale, including confidential information of non-parties that is irrelevant to the extra-contractual claims at hand, even if the claims were ripe and the Court had subject matter jurisdiction. Plaintiff has never voluntarily amended or withdrawn any of his discovery requests prior to the Court's instruction that he confer with opposing counsel; hence, State Farm has been compelled to respond to voluminous, unfounded discovery requests, which has become quiet burdensome in and of itself. After the Court orders Plaintiff's counsel to confer with opposing counsel, many of the discovery requests Plaintiff 'withdraws' have already been answered by State Farm. Moreover, even after the Court denied Plaintiff's request to seek certain discovery, he has attempted to circumvent the Court's Order by issuing new discovery requests in a different medium, which State Farm is forced to respond to again, such as Plaintiff's

Second Request for Production of Documents. Plaintiff's actions constitute harassment.

## **Argument**

**A.    Plaintiff is not entitled to any discovery given that the extra-contractual causes of action he has asserted are premature.**

As set forth above, in accordance with *Pontius, LeFevre, Quick, Bowers, Safeway,* the Plaintiff must establish the amount of damages that he was legally entitled to recover from the other driver, to trigger the insurer's contractual obligation to pay UIM benefits, *before* proceeding with extra-contractual claims of breach of contract and bad faith.

**"[W]ithout a determination of whether liability exists on the part of the uninsured motorist _and_ the extent of plaintiff's damages, a claim of bad faith failure to pay or breach of contract is _premature_**." *Pontius v. State Farm Mut. Auto. Ins. Co.*, 915 So. 2d 557, 564 (Ala. 2005). Because Plaintiff did not establish the extent of damages he was "legally entitled to recover" from the other driver involved in the subject accident prior to filing the pending suit, Plaintiff cannot prove entitlement to UIM benefits, his extra-contractual claims are premature, and discovery of information concerning said premature claims is unwarranted. It is well established that a plaintiff's right to engage in civil discovery presupposes the existence of a viable claim. Matters that may or may not occur in the future do not present an existing controversy

6

to a plaintiff. *Baldwin County v. Palmtree Penthouses*, 831 So. 2d 603, 605 (Ala. 2002). Because the extra-contractual claims are premature, Plaintiff is not yet entitled to discovery on said claims, though Defendant does not suggest that Plaintiff would ever be entitled to such overly broad and burdensome discovery even if or when an extra-contractual claim might be viable.

Despite case law holding that a Plaintiff must establish that he is legally entitled to recover UIM benefits before pursuing extra-contractual claims, Plaintiff seeks full-blown, overly broad discovery of these premature extra-contractual claims. Plaintiff's discovery proposition in this case would allow all insureds, who file a UIM claim with their insurance carrier and later disagree with their carrier as to the value of the damages they contend to have incurred as a result of the accident, to immediately file a lawsuit and request vast, unbridled discovery of all lawsuits and claims filed against the insurance company across the country and elsewhere.  Such overreaching discovery is not what was intended by nor permitted under the *Federal Rules of Civil Procedure*. Moreover, there is <u>no</u> Alabama case law to support Plaintiff's far-reaching discovery proposition.

**B.      Plaintiff is not entitled to discovery concerning other claims submitted to State Farm by non-parties to the litigation.**

It cannot be emphasized enough that Plaintiff has not yet established that he is legally entitled to UIM benefits under the Policy and that the extra-

contractual claims he has asserted are premature and thus this Court lacks subject matter jurisdiction over said claims; hence, Plaintiff is not entitled to discovery on the premature extra-contractual claims. All of the discovery requests that remain in dispute between the parties seek discovery on or related to the premature extra-contractual claims. As of the date of this filing, the following Requests propounded by the Plaintiff via Plaintiff's Second Requests for Production of Documents remain in dispute: 2, 4, 6, 10, and 12. (See Doc. #90-5, attached hereto as Exhibit A) Nevertheless, below are additional reasons the Plaintiff's Motion to Compel should be denied.

### 1. Plaintiff's Second Request for Production of Documents is an attempt to circumvent the Court's previous discovery orders.

Plaintiff initially propounded 34 interrogatories, not counting subparts, upon State Farm via Plaintiff's First Interrogatories. (Doc. #41-1)   On December 30, 2014, the Court determined that questions 17(e)-34 exceeded Plaintiff's limit of 25 interrogatories pursuant to Rule 33(a)(1), Fed. R. Civ. Proc., and denied Plaintiff's motion to extend the number of interrogatories. (Doc. #69, pp. 8-10) Plaintiff objected to the Magistrate Judge's Order on January 12, 2015. (Doc. #70)  In light of Plaintiff's objections, on January 13, 2015, the Magistrate Judge issued a second order clarifying the previous order issued two days prior. (Doc. #71)  The following day, on January 14, 2015, Plaintiff issued a Second Set of Request for Production of Documents to State

Farm. Request Nos. 2, 4, and 6[1] of the Second Set of Request for Production of

Documents, seek the same information Plaintiff previously sought via

Interrogatories Nos. 25 and 26[2] (Doc. #41-1) that had been excluded by the

Court. All said discovery requests, seek disclosure of information relating to

insurance claims that non-party policyholders have submitted to State Farm.

---

[1] Plaintiff's Second Set of Request for Production of Documents included the following requests:

2.       For the 5 year time period preceding the filing of this lawsuit and continuing through the date that Defendant responds to this discovery, produce documents that reflect amounts paid by Defendant State Farm to policyholders of Defendant making claims for uninsured and/or underinsured motorist benefits in the State of Alabama where the claimant's injury entailed a broken neck and/ or broken (fractured) cervical vertebrae.

4.   For the 5 year time period preceding the filing of this lawsuit and continuing to the date that Defendant responds to this discovery, produce documents that reflect amounts paid by Defendant State Farm to policy holders of Defendant making claims for uninsured motorist and/or underinsured motorist benefits in the State of Alabama where the claimant's injury entailed a ruptured and/or damaged cervical disk(s).

6.       For the 5 year time period preceding the filing of this lawsuit and continuing to the date that Defendant responds to this discovery, produce documents that reflect amounts paid by Defendant State Farm to bodily injury claimants against State Farm insureds in the State of Alabama where the bodily injury claimant's injury entailed a broken neck and /or a broken (fractured) vertebrae.

[2] Plaintiff's First Set of Interrogatories included the following two discovery requests:

25.       For the time period 2000 to the present, with respect to any individual making a claim against one of Defendant's insureds under a policy of automobile liability insurance issued by Defendant State Farm for physical and/or bodily injury arising out of a motor vehicle accident for which Defendant State Farm made a monetary payment and/or settlement and/or adjustment of such claim and where the claim involved a fractured cervical vertebrae and/or bulging cervical disc(s) and/or cervical radiculitis please state the following:
a.       name and address of each such claimant
b.       name and address of any such claimants attorney
c.       the dollar amount of each such claim paid
d.       the State and city or town and/or location where the underlying accident took place.

26.       For the time period 2000 to the present, with respect to an insured of Defendant State Farm making a claim for uninsured and/or underinsured motorist benefits where said insured/ claimant had sustained a fractured cervical vertebrae and/or bulging cervical disc(s) and /or cervical radiculitis and Defendant paid a monetary amount and/or settlement to such insured please state the following:
a.       name and address of each such claimant;
b.       name and address of any such claimants attorney;
c.       the dollar amount of each such claim paid;
d.       the State and city or town and/or location where the underlying accident took place.

Likewise, Request Nos. 10 and 12[3] of Plaintiff's Second Set of Request for Production of Documents seek similar non-party information that was previously addressed by the Court. (See Doc. #69 and Doc. #72) In its December 30, 2014 Order, the Court cited *Ex parte O'Neal* and stated that the court in that case concluded that non-party information of policyholders "'is so broad that to require [defendant] to respond in the manner requested ... would place an undue burden on defendant,' and observed that retrieval of such information 'would require an individual review of literally thousands of files ... which is arguably not reasonably calculated to lead to admissible evidence[,]' and would 'result in a waste of time, money, and effort, thus defeating one of the purposes of discovery.' *Ex parte O'Neal*, 713 So.2d 956, 960-961 (Ala. 1998)" (Doc. #69) However, despite said case law and State Farm's previous objections to non-party claimant information being confidential, privilege, irrelevant, burdensome, etc.,[4] Plaintiff propounded more discovery requests seeking information concerning non-party claimants

---

[3] Plaintiff's Second Set of Request for Production of Documents included the following requests:

10.     For the 5 year time period preceding the filing of this lawsuit and continuing to the date that Defendant responds to this discovery, with respect to policyholders of Defendant in the State of Alabama making claims for uninsured motorist coverage, produce a list of all such claimants who were paid more than $30,000.00.

12.     For the 5 year time period preceding the filing of this lawsuit and continuing to the date that Defendant responds to this discovery, with respect to policy holders of Defendant in the State of Alabama making claims for underinsured coverage, produce a list of all such claimants who were paid a total of more than $30,000.00 (when including the underlying policy limits payments of the responsible driver's insurance company).

[4] (See Court Doc. Nos. 42-3, 52, 57, 57-1, 60, and 60-1)

(specifically, the identity of policyholders and claimants in unrelated claims) who were paid more than $30,000 via Request Nos. 10 and 12 of Plaintiff's Second Set of Request for Production of Documents.

Hence, Plaintiff has not in good faith attempted to resolve the pending discovery dispute; rather, he created it by attempting to circumvent the Court's previous Orders and continuing to attempt to require State Farm to respond to similar discovery requests. It is also worth noting, that while Plaintiff *claims* in his Motion to Compel that State Farm did not make "any concessions or agreement with respect to discovery" during the June 12, 2015 conference call, State Farm actually pointed out to Plaintiff's counsel that State Farm had already responded to Request Nos. 1, 14, 15, 16, 17, 18, and 19 of Plaintiff's Second Set of Request for Production of Documents. Hence, Plaintiff's 1) concession not to pursue non-party claimant information in the states of Mississippi, Tennessee, Georgia, and Florida as requested via Request Nos. 3, 5, 7, 9, and 11 of Plaintiff's Second Set of Request for Production of Documents, after State Farm has spent a notable amount of time and resources responding to said requests, and after ordered by the Court to confer with opposing counsel, and 2) admission in his Motion to Compel that the non-party information he seeks is confidential and private, is a far cry from a good faith endeavor to resolve a discovery dispute.

**2. Assuming arguendo that Plaintiff's extra-contractual claims were ripe for adjudication and discovery, which State Farm disputes, the information sought via Request Nos. 2, 4, 6, 10, and 12 of Plaintiff's Second Set of Request for Production of Documents is not discoverable for a myriad of reasons.**

Discovery "should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc*., 981 F.2d 377, 380 (8th Cir. 1992); see *Ex parte Wal-Mart Stores, Inc*., 682 So.2d 65, 68 (Ala. 1996).

With regard to the discovery requests that are in dispute concerning non-party information, Plaintiff has not satisfied the relevancy threshold and a number of other concerns expressed by State Farm via its objections to said requests. The discovery sought will not help prove the amount of damages Plaintiff is legally entitled to recover from the other driver involved in the subject automobile accident, and therefore will not prove whether State Farm breached the Plaintiff's Policy or engaged in bad faith with respect to the Plaintiff's claim, given that each claim is evaluated on its individual merits. Additionally, all the discovery requests in dispute seek personal, confidential information of the insurer's non-party policyholders and/or claimants that is protected by privacy and healthcare laws, which Plaintiff even admits in his

Motion. Likewise, documents and information sought via these requests may also be protected by the attorney-client privilege, work product doctrine, and/or confidential settlement documents, which cannot be determined absent a file-by-file review. Such a file-by-file review and production of the discovery requests that are in dispute would be unduly burdensome on State Farm given that it would substantially hinder business operations and be excessively expensive, as previously shown unto this Court via the affidavits of Don Vinciguerra (Doc. #57-1) and Paul Schriefer (Doc. #60-1).

State Farm incorporates herein its previously asserted objections to Request Nos. 2, 4, 6, 10, and 12 of Plaintiff's Second Set of Request for Production of Documents as set forth in Doc. 90-5. (See Exhibit A attached hereto)

**3. Assuming arguendo that Plaintiff's extra-contractual claims were ripe for adjudication and discovery, which State Farm disputes, Request Nos. 2, 4, 6, 10, and 12 of Plaintiff's Second Set of Request for Production of Documents are unduly burdensome even pursuant to a case previously cited by Plaintiff to this Court.**

Plaintiff previously cited *Ex parte O'Neal*, 713 So.2d 956, 960-961 (Ala. 1998), at a discovery hearing to support his request for copies of complaints wherein breach of contract and bad faith actions had been filed against State Farm in the context of a UM/UIM claim in the past five years. State Farm produced complaints that it was aware of that were responsive to said requests

and this Court deemed the production "sufficient for Plaintiff to determine whether he can establish a pattern and practice of bad faith failure to pay claims similar to what he alleges in this case." (Doc. #69)

However, Plaintiff continues to push the envelope by seeking confidential, privileged information of the insurer's non-party policyholders that is protected by privacy and healthcare laws, even in spite of the holding in *Ex parte O'Neal* preventing discovery of non-party policyholder information that did not include private health information. In *Ex parte O'Neal*, the Court **denied** the insured's request for discovery of information pertaining to non-party policyholders whose claims were adjusted by a certain claim representative and/or information pertaining to policyholders who may have complained of the way in which their claim was handled by said claim representative. Additionally, the plaintiff in *Ex parte O'Neal*, didn't have a jurisdictional challenge to overcome given that he asserted extra-contractual claims as a result of being denied liability coverage and a defense pertaining to said coverage. In the present case, liability coverage is not at issue and Plaintiff has not yet established he is entitled to UIM benefits under the Policy. Hence, discovery should be even more narrowly tailored in the pending action than in *Ex parte O'Neal*, if allowed at all.

Nevertheless, similar to the insurer in *Ex parte O'Neal,* State Farm avers that Request Nos. 2, 4, 6, 10, 12 of Plaintiff's Second Set of Request for Production of Documents are unduly burdensome. As set forth in the affidavits of Don Vinciguerra (Doc. #57-1) and Paul Schriefer (Doc. #60-1), the information sought by the requests would require a highly skilled claim representative, at the very least, to review literally thousands of files to determine what information and documents were responsive, to perform a privilege review, and to make any necessary redactions. (Doc. #57 and Doc. #60) Additionally, given the large number of claim files implicated by Plaintiff's requests, the review of these files would have a significant negative impact on the ability of State Farm claim handlers to service current claimants and policyholders. *Id.* An order to review this large number of files would place a substantial and unreasonable financial and productivity burden on State Farm's operation. *Id.*

The vast amount of discovery requested by the Plaintiff in this case is unwarranted, unfounded, and can only be viewed at this point as either a fishing expedition for another case or as tool to harass State Farm. It is clear that the burden and expense of the proposed discovery outweighs its likely benefit, considering the needs of the case and the importance of the discovery in resolving the issues. To require State Farm to answer, much less produce

information in response to, these requests "would result in a waste of time, money, and effort, thus defeating one of the purposes of discovery." *Ex parte O'Neal,* 713 So.2d at 961.

**C.      State Farm's objections to Plaintiff's Second Requests for Production of Documents were not untimely, and Plaintiff has not shown good cause for the pending motion to compel.**

As set forth in Section B(1) above, Plaintiff served his Second Request for Production of Documents on State Farm on January 14, 2015, which was when State Farm was gathering over two thousand pages of information to produce to Plaintiff pursuant to his First Request for Production of Documents, and drafting amended Responses to Plaintiff's Interrogatories. During said timeframe, State Farm was also actively engaged in attempting to locate and find available dates for the three current and former State Farm employees that Plaintiff sought to depose in February. When Plaintiff's counsel notified State Farm that he could not conduct the depositions of State Farm witnesses on the dates he had originally offered as being available, State Farm had to once again find additional available dates and locations to offer said witnesses. In light of Plaintiff's unrelenting discovery demands, State Farm sought an additional 14 days to respond to Plaintiff's Second Request for Production of Documents, which Plaintiff agreed. (Doc. #90-2; Doc. #90-3) Due to unforeseen circumstances, particularly the State Farm contact's husband having a heart

attack, State Farm requested additional time to respond to Plaintiff's Second Request for Production of Documents; Plaintiff did not object.  (Doc. #90-3) State Farm's responses to Plaintiff's Second Request for Production of Documents were provided by March 20, 2015 pursuant to Plaintiff's request in his letter dated May 16, 2015. (Doc. #90-4, Doc. # 90-5) Hence, State Farm's response was not untimely; had Plaintiff objected to the aforementioned requests for extension, which he did not, there was good cause to support same.

Plaintiff attempts to argue in his Motion to Compel, not that the response was untimely, but just than the objections were untimely. Said argument is unfounded. A response, pursuant to Rule 34, encompasses both a statement that the inspection and related activities will be permitted as requested or an objection to the request. Per Plaintiff's proposed distinction between a response and an objection, a 'response' would be due 30 days after the requests for production of documents were propounded pursuant to Rule 34(b)(2)(A), but 'objections' would not have to be served within said timeframe, given that Rule 34(b)(2)(C) does not specify when said objections must be made. Nonetheless, the objections/responses were timely and appropriate given the excessive and burdensome nature of the demands made by Plaintiff's discovery requests.

## Conclusion

WHEREFORE, based on the foregoing, State Farm requests that Plaintiff's Renewed Motion to Compel be **DENIED**, and a protective order be entered that bars the Plaintiff from seeking the discovery requested via Requests 2, 4, 6, 10, and 12 of Plaintiff's Second Set of Request for Production of Documents. State Farm requests, in the alternative, that Plaintiff's motion and State Farm's response be held in abeyance until after the Court rules on State Farm's pending Motion for Summary Judgment such to determine if the Court has subject matter jurisdiction to entertain Plaintiff's claims, though State Farm does not suggest that Plaintiff would ever be entitled to such overly broad and burdensome discovery even if or when an extra-contractual claim might be viable.

Respectfully submitted this 1st day of July, 2015.

/s/ Felicia A. Long
Felicia A. Long (LON042)
Robert W. Bradford (BRA028)
Counsel for State Farm Mutual
Automobile Insurance Company

**OF COUNSEL:**

**Hill, Hill, Carter, Franco, Cole & Black, P.C.**
Post Office Box 116
Montgomery, Alabama 36101-0116
TEL: (334) 834-7600
FAX:(334) 386-4394
Email: flong@hillhillcarter.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 1, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all participating counsel of record:

***Counsel for Plaintiff:***
G. William Gill, Esq.
8 Commerce Street, Suite 1110
Montgomery, AL  36104
TEL:  334-834-7606
FAX:  334-834-3335

*/s/ Felicia A. Long*            
Of Counsel

19