# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JOSEPH J. BROADWAY,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:13-CV-00628-WKW-SRW** |
| | ) | |
| **STATE FARM MUTUAL** | ) | |
| **AUTOMOBILE INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY FROM STATE FARM: PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS, AND DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER**

**Exhibit A**- State Farm's Responses and Objections to Plaintiff's Second Requests for Production (Doc. #90-5)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JOSEPH J. BROADWAY,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **V.** | )   **CIVIL ACTION NO.** |
| | )   **2:13-CV-00628-WKW-SRW** |
| | ) |
| **STATE FARM MUTUAL** | ) |
| **AUTOMOBILE INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
| **DEFENDANT.** | ) |

## STATE FARM'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

COMES NOW Defendant **State Farm Mutual Automobile Insurance Company** ("State Farm") and submits the following responses and objections to Plaintiff's Second Request for Production of Documents to Defendant State Farm:

### GENERAL OBJECTIONS

[1]    Defendant objects to each request to the extent it purports to require the Defendant to provide information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

[2]    No response provided herein or production of documents shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, and all answers are provided without waiving or intending to waive any objection as to relevance, privilege or admissibility.

[3]    Defendant's response that it will produce documents in response to any request should not be construed as suggesting that documents of the type requested exist. The response should only be construed as indicating that the Defendant will produce documents of the

type requested if they are in its possession, custody, or control and are not privileged or otherwise exempt from production under Rule 26 of the *Federal Rules of Civil Procedure*.

[4]   Defendant objects to any discovery request which seeks information that is confidential in nature, contains proprietary business information or would prejudice the Defendant in any way by its dissemination for purposes other than use in this litigation as contemplated by the *Federal Rules of Civil Procedure* and *Federal Rules of Evidence*.

[5]   Defendant objects to any discovery request that seeks information concerning events occurring or documents created more than five years ago.

[6]   Defendant objects to each and every discovery request to the extent that it seeks to vary the obligations imposed upon Plaintiff under the *Federal Rules of Civil Procedure*.

[7]   Defendant objects to each and every discovery request to the extent that it seeks information that is equally available to the Plaintiff and the burden on Plaintiff to obtain the requested information is no greater than the burden on the Defendant.

[8]   Defendant objects to each and every discovery request to the extent that it is irrelevant, overly broad, oppressive, unduly burdensome, and expensive, and beyond the permissible scope of discovery under the *Federal Rules of Civil Procedure*.

[9]   Defendant objects to each discovery request to the extent it seeks information prepared in anticipation of litigation by or for the Defendant, or by or for the Defendant's representatives, or by Defendant's expert witnesses. No such privilege information or documents will be produced.

[10]   Defendant objects to Plaintiff's Second Request for Production of Documents given that said discovery seeks to circumvent the Court's December 30, 2014 Order denying Plaintiff's motion to extend the number of interrogatories in this matter.

[11]   Defendant objects to Requests #2-#13 given that State Farm has previously demonstrated that said requests are unduly burdensome. To continue to have to respond to slightly altered requests for claim information concerning non-parties and to pull data to support burdensome objections is unduly burdensome in and of itself.

[12]   Defendant further states that these general objections are specifically and expressly incorporated in each response herein and the repetition, renewal, or reassertion of any of these general objections or the assertion of any other objections, in no way implies a failure to assert each

general objection to a request.  The Defendant reserves the right to renew, assert, or supplement these objections at any point in time in this litigation.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Without waiving, but expressly preserving, the general objections stated above, Defendant submits the following responses and specific objections to Plaintiff's Second Request for Production of Documents to Defendant State Farm:

1.      Produce all documents that reflect the dollar amount of reserves set aside by Defendant State Farm with respect to Plaintiff Joe Broadway's claim for underinsured motorist benefits pertaining to the subject accident including the initial and any subsequent changes in that amount of reserve.

**Response**:  **State Farm objects to this request given that it seeks information that is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence and is overbroad. Without waiving these objections, see the financial summary section of the claim file previous produced and bates numbered Broadway, Joseph v. SF 000064.**

2.       For the 5 year time period preceding the filing of this lawsuit and continuing through the date that Defendant responds to this discovery, produce documents that reflect amounts paid by Defendant State Farm to policyholders of Defendant making claims for uninsured and/ or underinsured motorist benefits in the State of Alabama where the claimant's injury entailed a broken neck and/ or broken (fractured) cervical vertebrae.

**Response**:  **State Farm objects to this request on the grounds that it is vague, ambiguous, and overly broad in both time and location.  It seeks confidential business information and invades the privacy rights of policyholders who are not parties to this lawsuit. The 'documents' sought may also be protected by the attorney-client privilege, work product doctrine, and/or confidential settlement documents. The existence of other claims and/or what may or may not have occurred with respect to another claim will neither prove nor disprove any wrongdoing in this case, as each claim is handled on its own individual merits. Therefore, this request seeks information that is not relevant, nor is it reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant also objects to this request given that**

3

Plaintiff is rearticulating in the form of a request for production a previously propounded interrogatory that was excluded by the Court.

Additionally, the request is unduly burdensome. Requests for "amounts paid by Defendant State Farm to policyholders of Defendant making claims for uninsured and/ or underinsured motorist benefits in the State of Alabama where the claimant's injury entailed a broken neck and/ or broken (fractured) cervical vertebrae" cannot be answered based on a simple electronic search. (*See* Donald Vinciguerra's affidavit dated November 12, 2014, para. 5) As previously set forth in Donald Vinciguerra's affidavit, there were 14,776 UM/UIM claims in Alabama between January 1, 2010-October 31, 2014, alone. (*See* para. 8). The number of total UM/UIM claims would increase for a 6 and a half year time period. To arrive at the requested list of claims subject to the interpretation of the quoted text would require someone to manually review each claim, which would take on average 30 minutes per file by an employee with an hourly rate of \$41.92. (*See* Paul Schriefer's affidavit dated November 18, 2014, para. 5) Based on this estimate, it would take 7,388 hours just to review the UM/UIM claims in Alabama between January 1, 2010-October 31, 2014, alone, and cost the Defendant a minimum of \$309,704.96. The costs would substantially increase with the addition of two more years' worth of claims. Then, additional time and costs would be required to either redact the privacy information of State Farm policyholders who are not a party to this suit and/or to compile the information requested. A review of these files would have a significant negative impact on the ability of claim handlers at State Farm to service current claimants and policyholders.

3.   For the 5 year time period preceding the filing of this lawsuit and continuing to the date that Defendant responds to this discovery, produce documents that reflect amounts paid by Defendant State Farm to policy holders of Defendant making claims for uninsured and/ or underinsured motorist in the States of Mississippi, Tennessee, Georgia, and Florida where the claimant's injury entailed a broken neck and/ or broken (fractured) cervical vertebrae.

Response:  State Farm objects to this request on the grounds that it is vague, ambiguous, and overly broad in both time and location.  It seeks confidential business information and invades the privacy rights of policyholders who are not parties to this lawsuit. The 'documents'

sought may also be protected by the attorney-client privilege, work product doctrine, and/or confidential settlement agreements. The existence of other claims and/or what may or may not have occurred with respect to another claim will neither prove nor disprove any wrongdoing in this case, as each claim is handled on its own individual merits. Additionally, any matters outside of the state of Alabama and/or unrelated to the event that is the subject of this lawsuit, have no nexus to the harm claimed to have been sustained by the Plaintiff herein with regard to his claim under the subject policy. See *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). Therefore, this request seeks information that is not relevant, nor is it reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant also objects to this request given that Plaintiff is rearticulating in the form of a request for production a previously propounded interrogatory that was excluded by the Court.

Furthermore, the request is unduly burdensome. Requests for "amounts paid by Defendant State Farm to policy holders of Defendant making claims for uninsured and/ or underinsured motorist in the States of Mississippi, Tennessee, Georgia, and Florida where the claimant's injury entailed a broken neck and/ or broken (fractured) cervical vertebrae" cannot be answered based on a simple electronic search. (*See* Donald Vinciguerra's affidavit dated November 12, 2014, para. 5) As set forth in the objection/response to Request #2 above, to arrive at the requested list of claims subject to the interpretation of the quoted text in Alabama alone would take more than 7,388 hours just to review the claims and cost the Defendant in excess of $309,704.96. Then, additional time would be required to either redact the privacy information of State Farm policyholders who are not a party to this suit and/or to compile the information requested. If the search were broadened to include more states, the number of claims and the costs associated with gathering said information would drastically increase and cause colossal hardship to State Farm.

4.   For the 5 year time period preceding the filing of this lawsuit and continuing to the date that Defendant responds to this discovery, produce documents that reflect amounts paid by Defendant State Farm to policy holders of Defendant making claims for uninsured motorist and/ or underinsured motorist benefits in the State of Alabama where the claimant's injury entailed a ruptured and/ or damaged cervical disk(s).

**Response**:  State Farm objects to this request on the grounds that it is vague, ambiguous, and overly broad in both time and location.  It seeks confidential business information and invades the privacy rights of policyholders who are not parties to this lawsuit. The 'documents' sought may also be protected by the attorney-client privilege, work product doctrine, and/or confidential settlement documents. The existence of other claims and/or what may or may not have occurred with respect to another claim will neither prove nor disprove any wrongdoing in this case, as each claim is handled on its own individual merits. Therefore, this request seeks information that is not relevant, nor is it reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant also objects to this request given that Plaintiff is rearticulating in the form of a request for production a previously propounded interrogatory that was excluded by the Court.

Additionally, the request is unduly burdensome. Requests for "amounts paid by Defendant State Farm to policy holders of Defendant making claims for uninsured motorist and/ or underinsured motorist benefits in the State of Alabama where the claimant's injury entailed a ruptured and/ or damaged cervical disk(s)" cannot be answered based on a simple electronic search. (*See* Donald Vinciguerra's affidavit dated November 12, 2014, para. 5) As previously set forth in Donald Vinciguerra's affidavit, there were 14,776 UM/UIM claims in Alabama between January 1, 2010-October 31, 2014 alone. (*See* para. 8) The total number of UM/UIM claims would increase for a 6 and a half year time period. To arrive at the requested list of claims subject to the interpretation of the quoted text would require someone to manually review each claim, which would take on average 30 minutes per file by an employee with an hourly rate of $41.92. (*See* Paul Schriefer's affidavit dated November 18, 2014, para. 5) Based on this estimate, it would take 7,388 hours just to review the UM/UIM claims in Alabama between January 1, 2010-October 31, 2014, alone, and cost the Defendant a minimum of $309,704.96. The costs would substantially increase with the addition of two more years' worth of UM/UIM claims. Then, additional time and costs would be required to either redact the privacy information of State Farm policyholders who are not a party to this suit and/or to compile the information requested. A review of these files would have a significant negative impact on the ability of claims handlers at State Farm to service current claimants and policyholders.

5.   For the 5 year time period preceding the filing of this lawsuit and continuing to the date that Defendant responds to this discovery, produce documents that reflect amount paid by Defendant State Farm to policy holders of Defendant making claims for uninsured motorist and/ or underinsured motorist benefits in the States of Mississippi, Tennessee, Georgia, and Florida where the claimant's injury entailed a ruptured and/ or damaged cervical disk(s).

**Response:   State Farm objects to this request on the grounds that it is vague, ambiguous, and overly broad in both time and location.  It seeks confidential business information and invades the privacy rights of policyholders who are not parties to this lawsuit. The 'documents' sought may also be protected by the attorney-client privilege, work product doctrine, and/or confidential settlement agreements. The existence of other claims and/or what may or may not have occurred with respect to another claim will neither prove nor disprove any wrongdoing in this case, as each claim is handled on its own individual merits. Additionally, any matters outside of state of Alabama, and/or unrelated to the event that is the subject of this lawsuit, have no nexus to the harm claimed to have been sustained by the plaintiff herein with regard to their claim under the subject policy. See *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). Therefore, this request seeks information that is not relevant, nor is it reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant also objects to this request given that Plaintiff is rearticulating in the form of a request for production a previously propounded interrogatory that was excluded by the Court.**

**Furthermore, the request is unduly burdensome. Requests for "amount paid by Defendant State Farm to policy holders of Defendant making claims for uninsured motorist and/ or underinsured motorist benefits in the States of Mississippi, Tennessee, Georgia, and Florida where the claimant's injury entailed a ruptured and/ or damaged cervical disk(s)" cannot be answered based on a simple electronic search. (*See* Donald Vinciguerra's affidavit dated November 12, 2014, para. 5) As set forth in the objection/response to Request #4 above, to arrive at the claims subject to the interpretation of the quoted text in Alabama alone would take more than 7,388 hours just to review the claims and cost the Defendant in excess of $309,704.96. Then additional**

time would be required to either redact the privacy information of State Farm policyholders who are not a party to this suit and/or to compile the information requested. If the search were broadened to include more states and two more years' worth of data, the number of claims and the costs associated with gathering said information would drastically increase and cause colossal hardship to State Farm.

6.        For the 5 year time period preceding the filing of this lawsuit and continuing to the date that Defendant responds to this discovery, produce documents that reflect amounts paid by Defendant State Farm to bodily injury claimants against State Farm insureds in the State of Alabama where the bodily injury claimant's injury entailed a broken neck and/ or a broken (fractured) vertebrae.

**Response**:  State Farm objects to this request on the grounds that it is vague, ambiguous, and overly broad in both time and location.  It seeks confidential business information and invades the privacy rights of policyholders who are not parties to this lawsuit. The 'documents' sought may also be protected by the attorney-client privilege, work product doctrine, and/or confidential settlement documents. The existence of other claims and/or what may or may not have occurred with respect to another claim will neither prove nor disprove any wrongdoing in this case, as each claim is handled on its own individual merits. Therefore, this request seeks information that is not relevant, nor is it reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant also objects to this request given that Plaintiff is rearticulating in the form of a request for production a previously propounded interrogatory that was excluded by the Court.

Additionally, the request is unduly burdensome. Requests for "amounts paid by Defendant State Farm to bodily injury claimants against State Farm insureds in the State of Alabama where the bodily injury claimant's injury entailed a broken neck and / or a broken (fractured) vertebrae" cannot be answered based on a simple electronic search. (*See* Donald Vinciguerra's affidavit dated November 12, 2014, para. 5) Depending on how the request is interpreted it could implicate a variety of claims. As previously set forth in Donald Vinciguerra's affidavit, there were 32,873 BI claims in Alabama between January 1, 2010-October 31, 2014 alone. (*See* para. 8) The number of BI claims would increase for a 6 and a half year time period. To arrive at the

requested list of claims subject to the interpretation of the quoted text would require someone to manually review each claim, which would take on average 30 minutes per file by an employee with an hourly wage of $41.92. (*See* Paul Schriefer's affidavit dated November 18, 2014, para. 5) Based on this estimate, it would take 16,436.5 hours just to review the BI claims in Alabama between January 1, 2010-October 31, 2014, alone, and cost the Defendant a minimum of $689,018.08. (*See* Paul Schriefer's affidavit dated November 18, 2014, para. 5) The costs would substantially increase with the addition of two more years' worth of BI claims. Then, additional time and costs would be required to either redact the privacy information of State Farm policyholders who are not a party to this suit and/or to compile the information requested. A review of these files would have a significant negative impact on the ability of claims handlers at State Farm to service current claimants and policyholders.

7.      For the 5 year time period preceding the filing of this lawsuit and continuing to the date that Defendant responds to this discovery, produce documents that reflect amounts paid by Defendant State Farm to bodily injury claimants against State Farm insureds in the States of Mississippi, Tennessee, Georgia, and Florida where the bodily injury claimant's injury entailed a broken neck and/ or a broken (fractured) vertebrae.

Response:  State Farm objects to this request on the grounds that it is vague, ambiguous, and overly broad in both time and location.  It seeks confidential business information and invades the privacy rights of policyholders who are not parties to this lawsuit. The 'documents' sought may also be protected by the attorney-client privilege, work product doctrine, and/or confidential settlement agreements. The existence of other claims and/or what may or may not have occurred with respect to another claim will neither prove nor disprove any wrongdoing in this case, as each claim is handled on its own individual merits. Additionally, any matters outside of state of Alabama, and/or unrelated to the event that is the subject of this lawsuit, have no nexus to the harm claimed to have been sustained by the plaintiff herein with regard to their claim under the subject policy. See *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). Therefore, this request seeks information that is not relevant, nor is it reasonably calculated to lead to the discovery of relevant or admissible evidence.  Defendant also objects to this request given that Plaintiff is rearticulating in the form of

a request for production a previously propounded interrogatory that was excluded by the Court.

Furthermore, the request is unduly burdensome. Requests for "amounts paid by Defendant State Farm to bodily injury claimants against State Farm insureds in the States of Mississippi, Tennessee, Georgia, and Florida where the bodily injury claimant's injury entailed a broken neck and/ or a broken (fractured) vertebrae" cannot be answered based on a simple electronic search. (*See* Donald Vinciguerra's affidavit dated November 12, 2014, para. 5) As set forth in the objection/response to Request #6 above, to arrive at the requested list of claims subject to the interpretation of the quoted text in Alabama alone would take more than 16,436.5 hours just to review the claims and cost the Defendant in excess of $689,018.08. (*See* Paul Schriefer's affidavit dated November 18, 2014, para. 5) Then additional time would be required to either redact the privacy information of State Farm policyholders who are not a party to this suit and/or to compile the information requested. If the search were broadened to include more states and two more years' worth of data, the number of claims and the costs associated with gathering said information would drastically increase and cause colossal hardship to State Farm.

8.      For the past 5 year time period preceding the filing of this lawsuit and continuing to the date that Defendant responds to this discovery, produce documents that reflect amounts paid by Defendant State Farm to bodily injury claimants against State Farm insureds in the State of Alabama where the bodily injury claimant's injury entailed a ruptured and/ or damaged cervical disk(s).

<u>Response</u>:  State Farm objects to this request on the grounds that it is vague, ambiguous, and overly broad in both time and location. It seeks confidential business information and invades the privacy rights of policyholders who are not parties to this lawsuit. The 'documents' sought may also be protected by the attorney-client privilege, work product doctrine, and/or confidential settlement documents. The existence of other claims and/or what may or may not have occurred with respect to another claim will neither prove nor disprove any wrongdoing in this case, as each claim is handled on its own individual merits. Therefore, this request seeks information that is not relevant, nor is it reasonably calculated to lead to the discovery of relevant or

admissible evidence. Defendant also objects to this request given that Plaintiff is rearticulating in the form of a request for production a previously propounded interrogatory that was excluded by the Court.

Additionally, the request is unduly burdensome. Requests for "amounts paid by Defendant State Farm to bodily injury claimants against State Farm insureds in the State of Alabama where the bodily injury claimant's injury entailed a ruptured and/ or damaged cervical disk(s)" cannot be answered based on a simple electronic search. (*See* Donald Vinciguerra's affidavit dated November 12, 2014, para. 5) Depending on how the request is interpreted it could implicate a variety of claims. As previously set forth in Donald Vinciguerra's affidavit, there were 32,873 BI claims in Alabama between January 1, 2010-October 31, 2014 alone. (*See* para. 8) The number of BI claims would increase for a 6 and a half year time period. To arrive at the requested list of claims subject to the interpretation of the quoted text would require someone to manually review each claim, which would take on average 30 minutes per file by an employee with an hourly wage of $41.92. (*See* Paul Schriefer's affidavit dated November 18, 2014, para. 5) Based on this estimate, it would take 16,436.5 hours just to review the BI claims in Alabama between January 1, 2010-October 31, 2014, alone, and cost the Defendant a minimum of $689,018.08.   (*See* Paul Schriefer's affidavit dated November 18, 2014, para. 5) The costs would substantially increase with the addition of two more years' worth of BI claims. Then, additional time and costs would be required to either redact the privacy information of State Farm policyholders who are not a party to this suit and/or to compile the information requested. A review of these files would have a significant negative impact on the ability of claims handlers at State Farm to service current claimants and policyholders.

9.      For the past 5 year time period preceding the filing of this lawsuit and continuing to the date that Defendant responds to this discovery, produce documents that reflect amounts paid by Defendant State Farm to bodily injury claimant's against State Farm insureds in the States of Mississippi, Tennessee, Georgia, and Florida where the bodily injury claimant's injury entailed a ruptured and/ or damaged cervical disk(s).

**Response:**  State Farm objects to this request on the grounds that it is vague, ambiguous, and overly broad in both time and location.  It seeks

confidential business information and invades the privacy rights of policyholders who are not parties to this lawsuit. The 'documents' sought may also be protected by the attorney-client privilege, work product doctrine, and/or confidential settlement agreements. The existence of other claims and/or what may or may not have occurred with respect to another claim will neither prove nor disprove any wrongdoing in this case, as each claim is handled on its own individual merits. Additionally, any matters outside of state of Alabama, and/or unrelated to the event that is the subject of this lawsuit, have no nexus to the harm claimed to have been sustained by the plaintiff herein with regard to their claim under the subject policy. See *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). Therefore, this request seeks information that is not relevant, nor is it reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant also objects to this request given that Plaintiff is rearticulating in the form of a request for production a previously propounded interrogatory that was excluded by the Court.

Furthermore, the request is unduly burdensome. Requests for "amounts paid by Defendant State Farm to bodily injury claimant's against State Farm insureds in the States of Mississippi, Tennessee, Georgia, and Florida where the bodily injury claimant's injury entailed a ruptured and/ or damaged cervical disk(s)" cannot be answered based on a simple electronic search. (*See* Donald Vinciguerra's affidavit dated November 12, 2014, para. 5)  As set forth in the objection/response to Request #8 above, to arrive at the requested list of claims subject to the interpretation of the quoted text in Alabama alone would take more than 16,436.5 hours just to review the claims and cost the Defendant in excess of $689,018.08. (*See* Paul Schriefer's affidavit dated November 18, 2014, para. 5) Then, additional time would be required to either redact the privacy information of State Farm policyholders who are not a party to this suit and/or to compile the information requested. If the search were broadened to include more states and two more years' worth of data, the number of claims and the costs associated with gathering said information would drastically increase and cause colossal hardship to State Farm.

10.     For the 5 year time period preceding the filing of this lawsuit and continuing to the date that Defendant responds to this discovery, with respect to policyholders of Defendant in the State of Alabama making claims

for uninsured motorist coverage, produce a list of all such claimants who were paid more than $30,000.00.

**Response**:  **State Farm objects to this request on the grounds that it is vague, ambiguous, and overly broad in both time and location. The request seeks confidential business information and personal, confidential information of the insurer's non-party policyholders that is protected by privacy and healthcare laws. The existence of other claims and/or what may or may not have occurred with respect to another claim will neither prove nor disprove any wrongdoing in this case, as each claim is handled on its own individual merits. Therefore, this request seeks information that is not relevant, nor is it reasonably calculated to lead to the discovery of relevant or admissible evidence. Furthermore, the request is unduly burdensome in light of the time and expense it would take to produce a list of the claimants requested; said list is not readily available. The burden of the proposed discovery outweighs its likely benefit considering the needs of the case. The information sought may also be protected by confidential settlement documents. Defendant objects to this request given that Plaintiff is rearticulating in the form of a request for production a previously propounded interrogatory that was excluded by the Court.**

11.    For the 5 year time period preceding the filing of this lawsuit and continuing to the date that Defendant responds to this discovery, with respect to policy holders of Defendant in the State of Mississippi, Tennessee, Georgia, and Florida making claims for uninsured motorist coverage, produce a list of all such claimants who were paid more than $30,000.00.

**Response:  State Farm objects to this request on the grounds that it is vague, ambiguous, and overly broad in both time and location and unduly burdensome. The request seeks confidential business information and personal, confidential information of the insurer's non-party policyholders that is protected by privacy and healthcare laws. The existence of other claims and/or what may or may not have occurred with respect to another claim will neither prove nor disprove any wrongdoing in this case, as each claim is handled on its own individual merits. Any matters outside of state of Alabama and/or unrelated to the event that is the subject of this lawsuit, have no nexus to the harm claimed to have been sustained by the Plaintiff herein with regard to his claim under the subject policy.  See *State Farm Mutual***

13

*Auto. Ins. Co. v. Campbell*, **538 U.S. 408 (2003). Therefore, this request seeks information that is not relevant, nor is it reasonably calculated to lead to the discovery of relevant or admissible evidence. The information sought may also be protected by confidential settlement documents. Furthermore, the request is unduly burdensome in light of the time and expense it would take to produce a list of the claimants requested; said list is not readily available. The burden and expense of the proposed discovery outweighs its likely benefit considering the needs of the case. Defendant also objects to this request given that Plaintiff is rearticulating in the form of a request for production a previously propounded interrogatory that was excluded by the Court.**

12.     For the 5 year time period preceding the filing of this lawsuit and continuing to the date that Defendant responds to this discovery, with respect to policy holders of Defendant in the State of Alabama making claims for underinsured coverage, produce a list of all such claimants who were paid a total of more than $30,000.00 (when including the underlying policy limits payments of the responsible driver's insurance company).

<u>Response</u>:  **State Farm objects to this request on the grounds that it is vague, ambiguous, and overly broad in both time and location and unduly burdensome. The request seeks confidential business information and personal, confidential information of the insurer's non-party policyholders that is protected by privacy and healthcare laws. The information sought may also be protected by the confidential settlement agreements. The existence of other claims and/or what may or may not have occurred with respect to another claim will neither prove nor disprove any wrongdoing in this case, as each claim is handled on its own individual merits. Therefore, this request seeks information that is not relevant, nor is it reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant also objects to this request given that Plaintiff is rearticulating in the form of a request for production a previously propounded interrogatory that was excluded by the Court.**

**Additionally, the request is unduly burdensome. Requests for a list of policyholders of Defendant in the State of Alabama "who were paid a total of more than $30,000.00" (when including the underlying policy limits payments of the responsible driver's insurance company)" cannot be answered based on a simple electronic search. (*See* Donald**

Vinciguerra's affidavit dated November 12, 2014, para. 5) As previously set forth in Donald Vinciguerra's affidavit, there were 8,043 UIM claims in Alabama between January 1, 2010-October 31, 2014 alone. (*See* para. 8). The number of UIM claims would increase for a 6 and a half year time period. To arrive at the requested list of claims subject to the interpretation of the quoted text would require someone to manually review each claim, which would take on average 30 minutes per file by an employee with an hourly rate of $41.92. (*See* Paul Schriefer's affidavit dated November 18, 2014, para. 5) Based on this estimate, it would take 4,021.5 hours just to review the UIM claims in Alabama between January 1, 2010-October 31, 2014, alone, and cost the Defendant a minimum of $168,581.28. (*See* Paul Schriefer's affidavit dated November 18, 2014, para. 5) The costs would substantially increase with the addition of two more years' worth of UIM claims. Then, additional time and costs would be required to either redact the privacy information of State Farm policyholders who are not a party to this suit and/or to compile the information requested. A review of these files would have a significant negative impact on the ability of claims handlers at State Farm to service current claimants and policyholders.

13.     For the 5 year time period preceding the filing of this lawsuit and continuing to the date that Defendant responds to this discovery, with respect to policy holders of Defendant in the States of Mississippi, Tennessee, Georgia, and Florida making claims for underinsured coverage, produce a list of all such claimants who were paid a total of more than $30,000.00 (when including the underlying policy limits payments of the responsible driver's insurance company).

**Response**: State Farm objects to this request on the grounds that it is vague, ambiguous, and overly broad in both time and location and unduly burdensome. The request seeks confidential business information and personal, confidential information of the insurer's non-party policyholders that is protected by privacy and healthcare laws. The information sought may also be protected by confidential settlement agreements. The existence of other claims and/or what may or may not have occurred with respect to another claim will neither prove nor disprove any wrongdoing in this case, as each claim is handled on its own individual merits. Finally, any matters outside of state of Alabama, and/or unrelated to the event that is the subject of this lawsuit, have no nexus to the harm claimed to have been sustained by

the plaintiff herein with regard to their claim under the subject policy. See *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). Therefore, this request seeks information that is not relevant, nor is it reasonably calculated to lead to the discovery of relevant or admissible evidence. Defendant also objects to this request given that Plaintiff is rearticulating in the form of a request for production a previously propounded interrogatory that was excluded by the Court.

Furthermore, the request is unduly burdensome. Requests for a list of policyholders of Defendant in the States of Mississippi, Tennessee, Georgia, and Florida who made "claims underinsured coverage [and]... were paid a total of more than $30,000.00 (when including the underlying policy limits payments of the responsible driver's insurance company)" cannot be answered based on a simple electronic search. (*See* Donald Vinciguerra's affidavit dated November 12, 2014, para. 5) As set forth in the objection/response to Request #12 above, to arrive at the requested list of claims subject to the interpretation of the quoted text in Alabama alone would take more than 4,021.5 hours just to review the claims and cost the Defendant in excess of $168,581.28. (*See* Paul Schriefer's affidavit dated November 18, 2014, para. 5) Then, additional time would be required to either redact the privacy information of State Farm policyholders who are not a party to this suit and/or to compile the information requested. If the search were broadened to include more states and a greater timeframe, the number of UIM claims and the costs associated with gathering said information would drastically increase and cause colossal hardship to State Farm.

14.     Produce a copy of documents that identify any computer and/ or software programs utilized by Defendant State Farm in and/ or for the assessment, evaluation, adjustment and/ or settlement of bodily injury claims against Defendant State Farm automobile insureds including documents that identify:

  a.  The name of such program.

  b.  The names of the owners, developers, and creators of such program.

  c.  The dates that Defendant State Farm first began to utilize any such program.

16

d.  The dates of any significant changes and/ or alterations to such programs with respect to factors utilized for the assessment, evaluation, adjustment, and/ or settlement of bodily injury claims including the substance or any and all such changes.

**Response:  State Farm objects to this request, as it is vague, ambiguous, and overly broad in scope and time.  As the State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets.  Additionally, the requested information is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, State Farm does not use a computer program to adjust BI or UM/UIM claims; each file is reviewed on an individual basis by claim personnel.**

15.     Produce a copy of any documents that identify any computer and/ or software programs utilized by Defendant State Farm in and/ or for the assessment, evaluation, adjustment and/ or settlement of uninsured and/ or underinsured motorist claims by Defendant's automobile policy insured's including documents that identify:

a.  The name of such program.

b.  The names of the owners, developers, and creators of such program.

c.  The dates that Defendant State Farm first began to utilize any such program.

d.  The dates of any significant changes and/ or alterations to such programs with respect to factors utilized for the assessment, evaluation, adjustment, and/ or settlement of bodily injury claims including the substance or any and all such changes.

**Response:  State Farm objects to this request, as it is vague, ambiguous, and overly broad in scope and time.  As the State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets.  Additionally, the requested information is not relevant, the request is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, State Farm does not use a computer program**

to adjust BI or UM/UIM claims; each file is reviewed on an individual basis by a claim representative and/or team manager.

16.      Produce a copy of all users manuals and/ or instruction manuals for the software/ computer programs referred to in request numbers 14 and 15 above.

**Response:  State Farm objects to this request, as it is vague, ambiguous, and overly broad in scope and time.  As the State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets. Additionally, the requested information is not relevant, the request is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objections, there are no manuals to be produced given that State Farm does not use a computer program to adjust BI or UM/UIM claims.**

17.      Produce a copy of all training materials utilized by Defendant for its bodily injury and uninsured and/ or underinsured motorist benefits adjusters with respect to any software and/ or computer programs referred to in request numbers 14 and 15 above.

**Response: State Farm objects to this request, as it is vague, ambiguous, and overly broad in scope and time.  As the State Farm can understand this request, it appears to be seeking confidential, proprietary business information and trade secrets. The requested information is not relevant, the request is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objections, there are no training manuals to be produced given that State Farm does not use a computer program to adjust BI or UM/UIM claims.**

18.      Produce a copy of all documents, manuals, procedural manuals, adjustment manuals, training materials, video training materials, of every sort description utilized by Defendant State Farm in assessing, evaluating, adjusting, and/ or settling bodily injury claims against Defendant State Farm's automobile insurance insureds.

**Response:  State Farm objects to this request as it is vague, ambiguous, and overly broad in scope and time.  Without waiving said objections,**

see the relevant sections of the Auto Claims Manual that were in effect during some period of time between July 29, 2008- July 29, 2013 that have been previously produced (bates stamped BRODW00000001PROD- BRODW00000176PROD); and BI and UM/UIM training materials on adjusting and/or settling BI or UM/UIM claims for the time period July 29, 2008- July 29, 2013 that have been previously produced (bates stamped BRODW00000177PROD- BRODW 00002315PROD). Production of said materials does not infer that any material was applicable to or reviewed in relation to the Plaintiff's claim.

19.     Produce a copy of all documents, manuals, procedural manuals, adjustment manuals, training materials, video training materials, of every sort description utilized by Defendant State Farm in assessing, evaluating, adjusting, and/ or settling uninsured and/ or underinsured motorist claims against Defendant State Farm's by it's own insured's.

**Response**: **State Farm objects to this request as it is vague, ambiguous, and overly broad in scope and time.  Without waiving said objections, see the relevant sections of the Auto Claims Manual that were in effect during some period of time between July 29, 2008- July 29, 2013 that have been previously produced (bates stamped BRODW00000001PROD- BRODW00000176PROD); and BI and UM/UIM training materials on adjusting and/or settling BI or UM/UIM claims for the time period July 29, 2008- July 29, 2013 that have been previously produced (bates stamped BRODW00000177PROD- BRODW 00002315PROD). Production of said materials does not infer that any material was applicable to or reviewed in relation to the Plaintiff's claim.**

Dated this 20th day of March, 2015.

_Felicia Long_

Felicia A. Long (LON042)
Counsel for State Farm Mutual
Automobile Insurance Company

**OF COUNSEL:**
**HILL, HILL, CARTER,**
  **FRANCO, COLE & BLACK, PC**
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600 - telephone
(334) 263-5969 - facsimile
Email: flong@hillhillcarter.com

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above and foregoing document has been served upon the following listed person by placing a copy of the same in the United States mail, postage prepaid and properly addressed, on this the 20th day of March, 2015.

*Counsel for Plaintiff:*
G. William Gill, Esq.
8 Commerce Street, Suite 1110
Montgomery, AL  36104
TEL:  334-834-7606
FAX:  334-834-3335

                                           Of Counsel