IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH J. BROADWAY, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. |
| ) | 2:13-CV-00628-WKW-SRW |
| ) | |
| STATE FARM MUTUAL ) | |
| AUTOMOBILE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| DEFENDANT. ) | |

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE TO ALLOW PLAINTIFF TO TAKE DEFENDANT'S CORPORATE REPRESENTATIVE DEPOSITION, AND STATE FARM'S MOTION FOR PROTECTIVE ORDER**

COMES NOW Defendant **State Farm Mutual Automobile Insurance Company** ("State Farm") and hereby submits the following response to Plaintiff's Motion to Extend Discovery Deadline to Allow Plaintiff to Take Defendant's Corporate Representative Deposition, and seeks a protective order. Given that Plaintiff's Motion could be read to suggest that State Farm did not make a corporate representative(s) available prior to the discovery cut-off, State Farm shows as follows:

1. Plaintiff did not issue a notice to take the deposition of a corporate representative in the above-referenced matter until June 15, 2015. The parties

were involved in three doctors' depositions during the five business days following the issuance of the notice. Nevertheless, during this same time period, Defendant was reviewing the broad deposition notice to determine what information was being sought of the Defendant, what topics were objectionable, and who could be made available on the various topics requested.

2. When the doctors' depositions concluded, Plaintiff issued an amended deposition notice on or about June 24, 2015, which added an additional topic and added that the deposition should take place on or prior to July 7, 2015.

3. Shortly thereafter, Defendant notified Plaintiff that a corporate representative would be made available to be deposed on Tuesday, July 7, 2015 in the Atlanta area on the topics pertaining to policies and procedures for the adjustment of underinsured ("UIM") claims and for the assigning of value to UIM claims in Alabama.

4. On July 1, Defendant advised Plaintiff that it had several objections to the various other topics proposed, including but not limited to the concern that the topics did not describe with reasonable particularity the matters for examination as required by Rule 30(B), Fed. R. Civ. Proc., and that several of the requests were unduly burdensome as previously asserted by State Farm

when the requests were couched in the form of interrogatories and/or requests for production of documents.

5. On July 2, Defendant sent Plaintiff State Farm's Responses and Objections to Plaintiff's First Amended Notice of Taking Deposition of 30(b)(5)(6) Corporate Representative of Defendant State Farm. In said Responses and Objections, State Farm offered to make a witness available on July 7, 2015 on most of the topics requested. Defendant invited Plaintiff to contact counsel for the Defendant to discuss.

6. Plaintiff did not contact the undersigned to discuss the deposition notice. Rather, Plaintiff stated in an email that he did not plan to move forward with the deposition on July 7, 2015 and that he planned to file a motion to compel.

7. Hence, Defendant made a corporate representative available to be deposed on July 7, 2015, prior to the discovery deadline.

8. Plaintiff has not shown good cause to extend the discovery deadline. Nevertheless, in light of the Court's July 15, 2015 Order directing the parties to make a good faith effort to resolve their differences, State Farm is willing to make a corporate representative available, post the discovery cut-off, on the topics it previously agreed to, provided that Defendant is given a reasonable amount of time to do so. Defendant suggests it would save the

parties time and a considerable amount of money, if the parties waited to conduct the proposed deposition until after the Court's ruling on the pending dispositive motion.

9. Defendant incorporates herein in its previously asserted objections to the deposition notice (Doc. No. 103-3) and seeks a protective order given that deposition topic 4 seeks information concerning policies and procedures in other states; topic 7 seeks outcomes, including settlements, in other cases; and topic 8 seeks, among other things, non-party policyholder information that is confidential and subject to privacy laws. (See Doc. No. 103-3 and Doc. No. 102.)

10. While Plaintiff's Motion to Extend Discovery Deadline appears to only requests that Plaintiff be permitted to take a deposition after the discovery cut-off, Defendant objects to any additional and/or further relief and/or discovery Plaintiff may seek, given that he sought unlimited discovery after the discovery deadline in the not so distant past.

WHEREFORE, based on the foregoing, State Farm requests that a protective order be entered that bars the Plaintiff from seeking the discovery requested via topics 4, 7, and 8 of Plaintiff's Motion to Extend Discovery Deadline to Allow Plaintiff to Take Defendant's Corporate Representative Deposition, and for any other topics/requests that may be in dispute. State Farm

seeks any additional and/or other relief to which it may be entitled under the circumstances.

Respectfully submitted this 23st day of July, 2015.

>/s/ Felicia A. Long
>Felicia A. Long (LON042)
>Robert W. Bradford (BRA028)
>Counsel for State Farm Mutual
>Automobile Insurance Company

**OF COUNSEL:**

**Hill, Hill, Carter, Franco, Cole & Black, P.C.**
Post Office Box 116
Montgomery, Alabama 36101-0116
TEL: (334) 834-7600
FAX:(334) 386-4394
Email: flong@hillhillcarter.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all participating counsel of record:

*Counsel for Plaintiff:*
G. William Gill, Esq.
8 Commerce Street, Suite 1110
Montgomery, AL  36104
TEL:  334-834-7606
FAX:  334-834-3335

>/s/ Felicia A. Long
>Of Counsel