**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**JOSEPH J. BROADWAY**                                                                             **PLAINTIFF**

**V.**                                                                         **CIVIL ACTION NO. 2:13-CV-628**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**                                                                       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment or, In the Alternative, Motion to Dismiss ("Motion for Summary Judgment") [92]. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

**I. BACKGROUND**

This action is centered around an automobile accident involving Plaintiff Joseph J. Broadway ("Plaintiff") and Roger Channell ("Channell") on July 10, 2012, in Montgomery, Alabama. Neither party disputes that Channell was at fault for this accident, nor is there any dispute that, at the applicable time, Plaintiff held an automobile insurance policy (the "Policy") with Defendant State Farm Mutual Automobile Insurance Company ("Defendant"), which included uninsured motorist benefits.[1] There is also no real dispute to the fact that Plaintiff was injured in the accident.

Plaintiff reached a settlement agreement with Channell's automobile insurance company for $25,000.00, the limit of Channell's coverage under his policy. Plaintiff then sought uninsured

---

[1] As defined by Alabama law, uninsured motorist benefits also covers underinsured motorist benefits, and this definition is incorporated in the Policy. *See Lowe v. Nationwide Ins. Co.*, 521 So.2d 1309 n.1 (Ala. 1988).

motorist benefits from Defendant, claiming that this $25,000.00 did not adequately cover his injuries from the accident.

As of December 5, 2012, Plaintiff had submitted records showing that his medical bills totaled $5,194.37 and that his loss of income totaled $6,385.06. (Letter from Plaintiff's Attorney, Exhibit 10 to Plaintiff's Depo. [94-1].) Plaintiff had also submitted documentation from his physician, Dr. Patrick Ryan, stating that he had a permanent physical impairment of four percent. (Ryan Letter, Plaintiff's Exhibit 28 to Taylor Depo. [93-3].) Plaintiff has consistently maintained that his injuries exceed $50,000.00 and that Defendant is required to pay him the full policy limit of $25,000.00 in addition to the settlement he received from Channell's insurance company. Because it does not agree that the amount of Plaintiff's injuries total in excess of $30,000.00, Defendant offered $5,000.00 to Plaintiff in satisfaction of his claim. On January 18, 2013, Defendant sent Plaintiff, through his lawyer, a letter which stated

> State Farm is committed to paying the amount reasonably owed to our insureds under the uninsured coverage as soon as practical. To date, we have been unable to agree on an amount.
>
> Your current demand is $25,000.00 and our current offer is $5,000.00. Since it appears we have reached an impasse, we are enclosing our payment for $5,000.00, which constitutes our initial offer.
>
> The remaining coverage available will be reduced by the enclosed advanced payment. This payment will also be credited against any final determination of damages.
>
> This payment should be considered an advance without prejudicing your client's right to receive a higher amount in the future through continued negotiations.
>
> We will continue to evaluate any and all new information you may have that could effect our evaluation.

(Letter from Defendant, Exhibit 11 to Plaintiff's Depo. [94-1].) Plaintiff admits that he received and cashed the check enclosed with the letter. (Plaintiff Depo. [119-1] at p. 175:19-23.) Plaintiff further

admits that the next communication Defendant received from him was the complaint filed in this action, dated July 26, 2013. (*Id.* at p. 176:16-23.) Plaintiff admits that he neither received nor sent any further communication about the claim after the January 2013 letter and check were received. (*Id.* at p. 178:20-23.)

## II. DISCUSSION

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Eleventh Circuit has held that

> [s]ummary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)) (alteration in original).

Defendant makes two arguments. First, Defendant contends that the Court does not have subject matter jurisdiction in this case as the action was never ripe for adjudication prior to Plaintiff's complaint being filed because the amount of damages was never fixed. Second, Defendant argues that Plaintiff's claims of breach of contract and bad faith must fail because Plaintiff's claim under the Policy was never denied.

Ripeness is a "threshold jurisdictional question of whether a court may consider the merits of a dispute." *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006). "Ripeness analysis involves

the evaluation of two factors: the hardship that a plaintiff might suffer without court redress and the fitness of the case for judicial decision." *Id.* at 1211 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149, 87 S. Ct. 1507, 18 L.Ed.2d 681 (1967)). The Alabama Supreme Court has held that "[t]here can be no breach of an insurance contract providing uninsured-motorist coverage until the insureds prove that they are legally entitled to recover." *Ex parte State Farm Mut. Auto. Ins. Co.*, 893 So.2d 1111, 1115 (Ala. 2004). The court clarified what "legally entitled to recover" entailed in *Pontius v. State Farm Mutual. Automobile Insurance Co.*, holding that a claim for bad-faith failure to pay or breach of contract under an uninsured motorist insurance policy is premature "[w]ithout a determination of whether liability exists on the part of the underinsured motorist and the extent of the plaintiff's damages." 915 So.2d 557, 564 (Ala. 2005). When such a premature action is filed, the *Pontius* court held, the action must be dismissed without prejudice for lack of subject matter jurisdiction.

In the current case, there was an acknowledged dispute as to the extent of Plaintiff's damages. (*See* Letter from Defendant, Exhibit 11 to Plaintiff's Depo. [94-1].) A letter was sent to Plaintiff that recognized the dispute and indicated that Defendant was open to further negotiations to resolve the dispute. (*See id.*) Plaintiff has put forward no evidence to show that there was no dispute as to the extent of his damages, and he admitted to receiving of the check sent with Defendant's acknowledgment of the dispute. (*See* Plaintiff Depo. [119-1] at p. 175:19-23.) After this letter was sent, no communication occurred between the parties until the filing of this action. (*See id.* at pp. 176:16-23, 178:20-23.) The undisputed evidence before the Court therefore establishes that the extent of Plaintiff's damages was in dispute as to the amount of damages Plaintiff was legally entitled to recover.

As stated above, the Alabama Supreme Court has held that when breach of contract and bad faith refusal to pay claims, the only claims Plaintiff currently has before this Court, are premature when there has been no determination as to the extent of a plaintiff's damages.  *Pontius*, 915 So.2d at 564.  As there has been no such determination in this case, the Court must find that Plaintiff's claims are premature and therefore not ripe for adjudication.  Defendant's Motion for Summary Judgment [92] is therefore **granted** and this action will be **dismissed without prejudice** for lack of subject matter jurisdiction.

Because the Court does not have jurisdiction, it will not consider the merits of Defendant's second argument.  All other pending motions in this case will be **denied as moot**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [92] is **granted** and this action is **dismissed without prejudice** for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED AND ADJUDGED that all other pending motions in this action are **denied as moot**.

SO ORDERED AND ADJUDGED this the 20th day of May, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE